**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC.,

    Plaintiff,

v.

DOES 1 - 435,

    Defendant.

No. C 10-04382 SI

**ORDER SEVERING DOE 1 AND DISMISSING CLAIMS AGAINST DOES 2 - 435 WITHOUT PREJUDICE; MODIFYING DISCOVERY ORDER**

Plaintiff filed this copyright infringement case on September 28, 2010, alleging that 435 "Doe" defendants illegally reproduced, distributed and publicly shared copies of plaintiff's copyright protected works on a peer-to-peer network, "eDonkey 2000." Complaint ¶ 1. Plaintiff identified the IP addresses associated with each of the Does, as well as the particular registered work or works each Doe defendant allegedly reproduced on eDonkey2000 and the date of that reproduction. *Id*., ¶¶ 22 - 456. On October 8, 2010, plaintiff moved the Court for permission to take early discovery, specifically to issue a subpoena to internet service provider Comcast Internet in order to identify the name, address, e-mail address and telephone number of the subscribers associated with the identified IP addresses. On October 15, 2010, Magistrate Judge Ryu granted the motion for early discovery, but required Comcast to provide each subscriber identified with notice of the subpoena and sufficient time to object to the discovery and/or move to quash the subpoena before releasing the information to plaintiff. Docket No. 9.

After a subscriber, J.W., moved to quash the subpoena,[1] Judge Ryu severed J.W.'s claims from

---

[1] J.W. also moved for a protective order and to dismiss the claims for lack of personal jurisdiction. *See* docket Nos. 11-13.

this case.[2] In light of the high likelihood that at least one of the hundreds of other Doe defendants will decline to consent to the jurisdiction of a magistrate judge, Judge Ryu ordered that this action – the claims against the remaining Doe defendants – be reassigned to an Article III judge. Docket No. 28. At that time, Judge Ryu also denied plaintiff's motion to extend the deadline for service on the Doe defendants due to Comcast's inability to identify all of the Doe defendants before May 31, 2011.

This case was subsequently reassigned to the undersigned Judge. The complaint presents similar allegations to another case presently before this Judge, *IO Group, Inc. v. Does 1 - 19*, Case No. 10-3851. That case also asserted copyright infringement claims against 19 Doe defendants who allegedly reproduced one or more of plaintiff's works on eDonkey2000. After this Court granted plaintiff leave to serve early discovery in Earthlink, Inc., this Court considered a motion to quash filed by a subscriber, "Doe Defendant 4." *See* Case No. 10-3851, Docket No. 23. In ruling on that motion, the Court found that plaintiff had improperly joined Does 1 through 19. December 7, 2010 Order at 4-6. The Court held that the complaint lacked any specific factual allegations to support plaintiff's claims that the Doe defendants conspired or otherwise acted in concert. *Id*. at 5. Instead, the only specific factual allegations were that the Doe defendants used the same peer-to-peer network to reproduce plaintiff's works on different dates. Those allegations, however, were insufficient as a matter of law to support joinder and allow plaintiff to benefit from filing one, as opposed to many, lawsuits. *Id*. at 5. In so ruling, the Court relied on other cases where courts, faced with similarly deficient allegations, *sua sponte* severed the claims of the misjoined defendants and dismissed the severed defendants. *Id*. at 5 (citing *Laface Records, LLC v. Does 1 - 38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004); *BMG Music v. Does*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006); *Twentieth Century Fox Film Corp. v. Does* 1-12, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.)).

This complaint suffers from the same defects the Court identified in *IO Group, Inc. v. Does 1-19.* There are no facts to support the assertion that defendants conspired with each other to reproduce plaintiff's works on eDonkey 2000 and the allegations that defendants simply used the same peer-to-

---

[2] The claims against J.W will proceed before Judge Ryu as No. C 10-5821 DMR.

peer network to download plaintiff's works – on many different days at many different times – is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action.

As such, the Court HEREBY Orders that Does 2 through 435 are SEVERED and DISMISSED from this action. Plaintiff can refile separate complaints against Doe defendants 2 through 435 within twenty (20) days from the date of this Order. If plaintiff files new complaints within twenty (20) days, such actions shall be deemed a continuation of the original action for purposes of the statute of limitations.

In light of the severance and dismissal, the Order authorizing early discovery and the issuance of a subpoena on Comcast is now overbroad. Docket No. 9. As such, the Court's October 15, 2010 Order is HEREBY modified to allow discovery only as to Doe 1 (*see* Complaint ¶ 22), and is stayed in all other respects. Plaintiff is hereby ORDERED to serve a copy of this Order on Comcast within two days of its issuance. After such service, Comcast shall not disclose any further information regarding Does 2 through 435 absent further order of this Court. This Order is without prejudice to plaintiff seeking discovery to identify each severed Doe, if and when plaintiff files new complaints against the individual Does. Relatedly, this Order does not prevent plaintiff from using the information already disclosed by Comcast, for example, to file new lawsuits identifying former Doe defendants by name or other identifying information.

**IT IS SO ORDERED.**

Dated: January 10, 2011

SUSAN ILLSTON
United States District Judge

3