D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616

gill@sperleinlaw.com

Attorney for plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-435, individuals,<br><br>Defendants. | **CASE NO.: C-10-4382 (SI)**<br><br>**PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR ORDER CONVERTING THE COURT'S ORDER MODIFYING DISCOVERY ORDER TO AN ORDER TO STAY DISCOVERY ORDER** |

Pursuant to Local Rule 7-11, Plaintiff seeks an Order Converting the Court's Order Modifying Discovery Order to an Order to Stay Discovery Order. Plaintiff could not obtain stipulation for this motion because it has not yet served the Summons and Complaint on any of the Defendants and none have appeared in this matter. [Sperlein Declaration in Support at ¶3.]

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this action on September 28, 2010 against 435 Doe Defendants. The Court allowed early discovery in the form of a subpoena to Comcast Internet services to discover the identity of the Internet account holders whose accounts the alleged infringers used in connection with the infringing activity alleged in the Complaint. [Docket No. 9.]

J.W., one of the account holders, moved to quash the subpoena, to dismiss the claims for lack of personal jurisdiction, and for a protective order. [Docket Nos. 11-13] Magistrate Judge Ryu severed J.W. from the case and ordered that this case, with the remaining Does, be reassigned to an Article III judge. [Docket No. 28]

The matter was reassigned to Judge Illston, who on January 10, 2011 *sue sponte* severed Doe Number One and dismissed the remaining Does without prejudice. [Docket No. 31] The Court, referencing *Io Group, Inc. v. Does 1-19*, Case No. 10-3851 (SI) and other cases, based its Order on the fact that the allegations in the Complaint were insufficient to support joinder. [*Id*. at 2:6-3:2] Because the Court issued its order without first issuing an order to show cause, Plaintiff was not afforded the opportunity to present its arguments supporting joinder[1]. Moreover, even though the Court based its ruling

---

[1] As the Court notes, the issue of joinder arose in another similar matter currently before the Court, *Io Group, Inc. v. Does 1-19*, Case No. 10-3851 (SI). However, the joinder issue was not fully vetted in that case. While the Doe Defendant had urged the Court to look at the issue in its moving papers, the relief he requested was that the Court sever him from

exclusively on the insufficiency of factual allegations in the original Complaint, the Order appears to preclude Plaintiff from curing those deficiencies by filing an Amended Complaint.

Ordinarily, the Federal Rules of Civil Procedure the Court must freely grant leave to amend when justice so requires. [Fed. Rule Civ. Pro. 15(a)(2)] The Court's Order Severing Doe 1 and Dismissing Claims against Does 2-435 without Prejudice appears to preclude the filing of an Amended Complaint as to Does 2-435. Nonetheless, with all deference to the Court, within five days Plaintiff will file a Request for Leave to File an Amended Complaint alleging sufficient facts to support its contention that each of the Doe Defendants participated in a conspiracy to infringe and to trade with each other their stolen property for personal financial benefit. [Sperlein Declaration at ¶4.]

Plaintiff therefore requests that the Court convert its Order Modifying the Discovery Order to an Order to Stay the Discovery Order until Plaintiff has an opportunity to file its Request for Leave to File an Amended Complaint.

---

the action. *Io Group, Inc. v. Does 1-19,* Case No. 10-3851 (SI), Docket No. 14, 15:8-10. Because Defendant did not seek to sever all Does in to separate cases and because Plaintiff knew it would settle with or otherwise dismiss all other defendants prior to the Court's issuance of its order dismissing those defendants, it did not address the misjoineder issue in its Opposition. Moreover, Plaintiff drafted and filed the Complaint in the current matter prior to the Court's Order dismissing Defendants in the other case. Thus, Plaintiff did not have the Court's concerns in mind when drafting the Complaint in this matter.

Even if the Court were to deny Plaintiff's Request for Leave to File an Amended Complaint, the Court's current Order Modifying the Discovery Order could severely prejudice Plaintiff. Under the Discovery Order as currently modified, Comcast may not be obligated to retain information concerning Does 2-435. Comcast might destroy or purge the information between the time Plaintiff serves the Modified Discovery Order and such time as Plaintiff is able to proceed against the remaining Does either under an Amended Complaint or under separately filed Complaints and corresponding new motions for early discovery. If the Court denies this Request to Convert the Modified Discovery Order to an Order Staying the Discovery Order, Plaintiff respectfully request that the Court at least alter its Order to instruct Comcast to preserve the evidence sought in the subpoena served by Io Group, Inc. under the original Discovery Order.

**CONCLUSION**

The Court should convert its Order Modifying Discovery Order to an Order Staying Discovery Order, in order to allow Plaintiff time to file a Request for Leave to File an Amended Complaint.

Dated: *January 11, 2010*

Respectfully submitted,

*/s/ D. Gill Sperlein*

________________________________

D. GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.