D. GILL SPERLEIN (172887)
THE LAW OFFICE OF D. GILL SPERLEIN
584 Castro Street, Suite 879
San Francisco, California 94114
Telephone: (415) 404-6615
Facsimile: (415) 404-6616

gill@sperleinlaw.com

Attorney for plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-435, individuals,<br><br>Defendants. | **CASE NO. 10-4382 (DMR)**<br><br>**DECLARATION OF D. GILL SPERLEIN IN SUPPORT OF PLAINTIFF IO GROUP, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**Date:** March 4, 2011<br>**Time:** 9:00 a.m.<br>**Ct. Rm:** 10, 19th Fl. |

I, D. Gill Sperlein, declare:

1. I am a member of the State Bar of California and the bar of this Court. I am the attorney of record in this matter.

2. On October 15, 2010, pursuant to the Court's Order Granting Leave to Take Early Discovery, I served upon Comcast a single subpoena seeking subscriber information of all the Doe Defendants identified in the subpoena by ip address.

3. I have represented clients in many cases alleging copyright infringement. The vast majority of the defendants elect to settle their claims rather than litigate. Generally, the parties reach settlement within forty-five days of learning a defendant's identity.

4. Io Group Inc. generally settles these matters for a low amount roughly equivalent to the minimum statutory damage award, attorney fees and costs. If Io Group, Inc. must file separate cases the amount of the settlement demand will rise by approximately 40%.

5. In the recent round of similar cases I brought on behalf of Io Group, defendants who have sought relief from the Court have done so with formulaic briefs. For example, in *Io Group, Inc. v. Does 1-19*. C-10-3851 (SI), one lawyer brought identical motions on behalf of two different clients. (Doe Defendant 4's Motion to Quash Subpoena and Motion to Dismiss Pursuant to Fed. Rule Civ. Pro. 12(b)(6), Docket No. 14 and Doe Defendant 13's Motion to Quash Subpoena and Motion to Dismiss Pursuant to Fed. Rule Civ. Pro. 12(b)(6), Docket No. 15 withdrawn at Docket 16). The two motions were word-for-word identical except for the Doe numbers, the name of the states in which the Does resided, and the name of the infringed movies.

In two other cases, pro per defendants filed motions that were literally fill-in-the-blank forms. (*Io Group, Inc. v. Does 1-138*, C-10-4381(CW), Motion for Protective Order, Docket No. 20, Motion to Dismiss, Docket, No. 21, Motion to Quash, Docket No. 22, and Affidavit, Docket No. 23, *Compared to*, *Io Group, Inc. v. Does 1-J.W.*, C-10-5821 (DMR), Motion for Protective Order, Docket No. 4, Motion to Dismiss, Docket, No. 5, Motion to Quash, Docket No. 6, and Affidavit, Docket No. 7).

6. Recently, the Clerk of the Court filed to the case *Io Group, Inc. v. Does 1-138* (CW)(DMR), a Certificate of Service stating she had served a copy of the Order Re Assignment of Severed matter to pro per defendant J.W. The document should have been filed to *Io Group, Inc.*

*v. J.W.*, 10-5821 (DMR). (See, *Io Group, Inc. v. Does 1-138* (CW)(DMR), Docket No. 27). Similarly, the Court in that same matter filed a Certificate of Service that she had served a Copy of the Order Re Assignment of Severed Matter to pro per defendant S.P. (*Id.* Docket No.28). S.P. is a pro per defendant in that matter, but no Order Re Assignment has issued in that case. The Clerk intended to file a Certificate of Service that she had served on S.P. the Court's Order to Show Cause, which she did in the end file at Docket No. 29.

7. Over the last eight years, I have served numerous subpoenas on Internet service providers seeking the identify of individuals engaged in peer-2-peer and other types of on-line copyright infringement. ISPs have always provided data within approximately thirty to forty-five days. However, recently ISPs have reported that they have been inundated with subpoenas and that they can only respond to a limited number of requests, usually around thirty per month. Comcast has reported to me that although they were only able to provide information for thirty subscribers in the first thirty-day period, but they have instituted elements of automation that currently allow them to produce records for at least fifty subscribers per month.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *January 24, 2011*

*/s/ D. Gill Sperlein*

D. GILL SPERLEIN
Attorney for Io Group, Inc.