IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., | No. C 10-04382 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| v. | |
| DOES 1 - 435, | |
| Defendant. | |

Currently before the Court is plaintiff's motion for leave to file a First Amended Complaint. [Docket No. 37]. Plaintiff's motion is scheduled for hearing on March 4, 2011, but plaintiff has asked that the motion be heard on shortened time if the Court desires to have oral argument. [Docket No. 40]. The Court finds that this matter is appropriate for resolution without oral argument and pursuant to Civil Local Rule 7-1(b) VACATES the hearing.

Having considered the papers submitted, and for good cause shown, the Court DENIES plaintiff's motion for leave to file a First Amended Complaint.

**BACKGROUND**

Plaintiff filed this copyright infringement case on September 28, 2010, alleging that 435 "Doe" defendants illegally reproduced, distributed and publicly shared copies of plaintiff's copyright protected works on a peer-to-peer network, "eDonkey 2000." Complaint ¶ 1. In addition to a claim for copyright infringement, the complaint alleged a claim for "civil conspiracy," asserting that "Defendants, and each of them, conspired with the other Defendants by agreeing to provide infringing reproductions of various copyright protected works, including Plaintiff's works, in exchange for infringing reproductions of other

1 copyright protected works, including Plaintiff's works." *Id.*, ¶ 458.

2 Plaintiff identified the IP address associated with each of the Does, as well as the particular
3 registered work or works each Doe defendant allegedly reproduced on eDonkey2000 and the date and
4 time of that reproduction. *Id.*, ¶¶ 22 - 456. On October 8, 2010, plaintiff moved the Court for permission
5 to take early discovery, specifically to issue a subpoena to internet service provider (ISP) Comcast
6 Internet, in order to identify the names, addresses, e-mail addresses and telephone numbers of the
7 subscribers associated with the identified IP addresses. On October 15, 2010, Magistrate Judge Ryu
8 granted the motion for early discovery, but required Comcast to provide each subscriber identified with
9 notice of the subpoena and sufficient time to object to the discovery and/or move to quash the subpoena
10 before releasing the information to plaintiff. Docket No. 9.

11 After one Doe subscriber moved to quash the subpoena, Judge Ryu severed that Doe's claims
12 from this case.[1] In light of the high likelihood that at least one of the hundreds of other Doe defendants
13 would decline to consent to the jurisdiction of a magistrate judge, Judge Ryu ordered that this action be
14 reassigned to an Article III judge. Docket No. 28. This case was subsequently reassigned to the
15 undersigned Judge.

16 Upon reviewing the complaint, the Court *sua sponte* found that the complaint failed to state facts
17 supporting joinder of the hundreds of Doe defendants in one action, because the allegations
18 demonstrated that plaintiff's claims against the Doe defendants did not arise out of the "same
19 transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. Proc. 20(a)(2)(A);
20 January 10, 2011 Order at 2-3. Regarding the "conspiracy" allegations, the Court noted that the
21 complaint lacked any facts to support the assertion that defendants conspired with each other to
22 reproduce plaintiff's works on eDonkey2000. *Id.* Instead, the only factual allegations were that
23 defendants used the same P2P network to download plaintiff's works, on many different days at many
24 different times. *Id.* The Court noted that numerous courts had found similar allegations insufficient to
25 support joinder of doe defendants in one copyright infringement action. *Id.* at 2 (citing cases). As such,
26 under Rule 21, the Court held that the defendants were improperly joined and dismissed the case as to

27

28    [1] The claims against Doe "J.W." are proceeding before Judge Ryu in Case No. C 10-5821 DMR.

2

every Doe defendant, except Doe 1. January 10, 2011 Order at 3.

Plaintiff now moves for leave to file a First Amended Complaint, which re-alleges claims against 50 of the Doe defendants.[2] The Proposed FAC, plaintiff argues, addresses the Court's prior concerns over joinder by explaining that defendants' use of eDonkey2000 created a "rimless wheel" conspiracy and that by acting in concert, defendants are jointly and severally responsible for the damages plaintiff suffered.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, there are several reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Gordon v. City of Oakland*, No. 09-16167, ___ F.3d ___, 2010 U.S. App.

---

[2] After the Court's January 10, 2011 Order, the only defendant currently in this case is "Doe 1," who is alleged to have reproduced plaintiff's registered work "110 Degrees in Tucson." Complaint, ¶ 22. It does not appear that "Doe 1" is named in the Proposed FAC as none of the Doe defendants in the Proposed FAC are alleged to have reproduced "110 Degrees in Tuscon." Plaintiff does not explain why Doe 1 is not included in the Proposed FAC. Plaintiff instead explains that because Comcast is only willing to identify fifty subscribers a month in response to Court ordered discovery, plaintiff decided to limit the number of Does in the Proposed FAC to fifty. Motion for Leave at 15-16.

3

LEXIS 23803 at *2 (9th Cir. Nov. 19, 2010).

**DISCUSSION**

Plaintiff argues that new allegations in the Proposed FAC cure the deficiencies the Court identified in its January 2011 Order, by including expanded conspiracy allegations. Those allegations explain that the P2P network used by defendants, eDonkey2000, allows defendants to engage in a "rimless wheel conspiracy," whereby each defendant "understood he was joining an overall scheme to form an illicit on-line exchange with at least one of its goals being to reproduce and distribute infringing works in violation of copyright laws." Motion at 7; *see also* Proposed FAC ¶¶ 56-82. Plaintiff contends that eDonkey2000 operates by allowing users to locate an infringing work on the computer of another user who is "offering the file for distribution" and then transfer the infringing file to the user who seeks it. *Id.*, ¶ 66. Plaintiff alleges that each of the defendants here, "knew they were plotting in concert as evidenced by the fact that the material available by and through eDonkey2000 was overwhelmingly infringing and a large portion of the material available from coconspirators was obviously infringing material such as first run features prior to DVD or box office release." Motion at 7; Proposed FAC, ¶¶ 58-59.

Plaintiff asserts that given the structure of the eDonkey2000 network and the fact that the material available on eDonkey2000 is "overwhelmingly" infringing, the trier of fact will be able to infer that each of the Doe defendants in this case knew he was plotting in concert with others to violate copyright law and join in the rimless wheel conspiracy. Motion at 7-9. As co-conspirators, plaintiff asserts that defendants will be jointly and severally liable to plaintiff for all of the copyright infringement of plaintiff's works that occurs on eDonkey2000. Motion at 10. Plaintiff also contends that joinder in this case serves the efficiency and avoidance of a multiplicity of suit goals of the joinder rules. Plaintiff explains that in P2P infringement cases, the vast majority of defendants resolve their claims through settlement negotiations and that plaintiff's initial settlement demand in mass actions is roughly 40% less than it would "necessarily be" if plaintiff were forced to pursue each doe defendant in a separate case. Motion at 12; Sperlein Decl., ¶ 3. Plaintiff also asserts that the doe defendants actually benefit from being sued in a mass action, as they may be able to hire the same counsel as other

4

1 doe defendants (or mimic other doe defendants' motions and defenses) and it may be easier to attract
2 amicus support in mass actions, as opposed to an individual action. Motion at 12. Finally, plaintiff
3 argues that increased administrative burdens on the Court (opening hundreds of individual "doe" cases,
4 accurately indexing and filing documents in the doe cases, and then closing the cases shortly after
5 opening due to the likely settlements of the cases) would result if plaintiffs like IO Media were required
6 to file individual suits against each doe who allegedly infringed their works using P2P networks.
7 Motion at 13-14.

8 Rule 20(a) provides that joinder of defendants is appropriate where "any right to relief is asserted
9 against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,
10 occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all
11 defendants will arise in the action." Fed. Rule Civ. Proc. 20(a)(2). "The first prong, the 'same
12 transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin v. Rogers*,
13 130 F.3d 1348, 1350 (9th Cir. 1997). If these threshold requirements are met, the district court must
14 then consider other relevant factors to determine whether joinder comports with principles of
15 fundamental fairness. These include possible prejudice to a party and the motive of the party seeking
16 joinder. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); *Desert Empire Bank*
17 *v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980).

18 After reviewing plaintiff's arguments, the Court finds that allowing plaintiff to file the Proposed
19 FAC would be futile as the complaint would be dismissed for improper joinder. The fundamental
20 problem plaintiff faces is that there are no factual allegations to support the assertion that the Doe
21 defendants are connected to the "same transaction, occurrence or series of transactions or occurrences,"
22 or any facts that show they specifically acted in concert. As the Court pointed out in its prior motion,
23 severing and dismissing all Doe defendants except for Doe 1, the only *factual* allegations in the
24 complaint regarding each specific Doe defendant are that each of the Does used their Comcast-issued
25 IP addresses to "distribute" one or more of plaintiff's works on different dates and at different times
26 using eDonkey2000. *See* Complaint, ¶¶ 4, 11, 21 - 456. The Proposed FAC adds no additional factual
27 allegations specifically regarding any of the Doe defendants. Proposed FAC ¶¶ 4, 11, 21-55.

28 Numerous court have found joinder of doe defendants in copyright infringement cases improper

5

where the only factual allegations made were that the doe defendants used the same ISP and P2P network. *See, e.g., Laface Records, LLC v. Does 1 - 38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same P2P network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and P2P network to conduct copyright infringement); *see also BMG Music v. Does*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); *cf. In the Matter of DIRECTV, INC*. 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. July 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view plaintiff's programming without authorization).

Looking closely at the factual allegations regarding the Doe defendants here, it becomes clear there is no basis to find the defendants were involved in the same transaction or series of transactions. Doe 1 is the only defendant alleged to have "distributed" plaintiff's work "Breakers." Proposed FAC, ¶ 22. There is no allegation that any other Doe defendant distributed, viewed or downloaded "Breakers." The vast majority of Does are alleged to have "distributed" different movies, on different days, at different times. Most of the Doe defendants are alleged to have distributed one of plaintiff's titles, but one is alleged to have distributed two titles. *Id.*, ¶ 32. While there are a few instances where different Doe defendants distributed the same titles, those distributions took place at different times and there are no allegations that those defendants distributed the film to each other or had any connection to each

other. *See* Proposed FAC ¶24, 25 (Doe 3 and Doe 4 allegedly distributed "Command Post" on June 11, 2010, but at significantly different times). In absence of facts that would tend to show that any of the Doe defendants used eDonkey2000 to distribute or attempt to distribute plaintiff's films to each other, joinder is improper. *See, e.g., Fonovisa, Inc. v. Does 1-9*, 2008 U.S. Dist. LEXIS 27170 (W.D. Pa. Apr. 3, 2008) (rejecting joinder of doe defendants despite allegation that each doe defendant used same ISP and the Gnutella P2P network, where plaintiffs "failed to allege any facts tending to show that one or more of the Defendants has actually downloaded songs from another Defendant, which could conceivably link the Defendants or show they acted in concert.").

Similarly, the fact that each of the doe defendants made available for distribution different titles at different dates undermines joinder. In *BMG Music v. Does 1-203*, 2004 U.S. Dist. LEXIS 8457 (E.D. Pa. Apr. 2, 2004), the Court ruled, *sua sponte*, that two-hundred and two doe defendants in a copyright infringement case were improperly joined. The allegations showed that the Doe defendants copied works on different dates, and "in addition to the individual acts of infringement encompassing separate transactions and occurrences, the actual property at issue is different for each Defendant." *Id*. at *3. Of equal concern to the court was the fact that, "[e]ach Defendant will also likely have a different defense. Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed." *Id*., *4. Given this panoply of different facts, law, and defenses, the Court held that joinder was improper. *Id*.; *see also Fonovisa, Inc. v. Does 1-9*, 2008 U.S. Dist. LEXIS 27170 at *20 ("since the claims against the different Defendants most likely will involve separate issues of fact and separate witnesses, different evidence, and different legal theories and defenses, which could lead to jury confusion, separate trials will be required for each Defendant."). The same concerns exist here. *See, e.g.*, Docket No. 12 (Motion to Dismiss for lack of personal jurisdiction filed by Doe defendant J.W.).

Plaintiff argues that the allegations that defendants were engaged in a rimless wheel conspiracy through their use of eDonkey2000 distinguishes this case from the ones cited above. Motion for Leave

at 4-5.[3] That fact, however, does not persuade this Court to reach a different conclusion as to joinder. In each of the cases, the sole factual contentions plaintiffs asserted against the doe defendants were their use of the same ISP and the same P2P network. Plaintiff does not argue that eDonkey2000 operates in a different manner than the P2P networks addressed in cases like *Laface Records*, 2008 U.S. Dist. LEXIS 14544 or *BMG Music v. Does* 1-203, 2004 U.S. Dist. LEXIS 8457. Indeed, plaintiff admits that eDonkey2000 operates in the same manner as other P2P networks like Napster. Proposed FAC, ¶ 62; *see also Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs.*, 351 F.3d 1229, 1231 (D.C. Cir. 2003) ("millions of people in the United States and around the world continue to share digital .mp3 files of copyrighted recordings using P2P computer programs such as KaZaA, Morpheus, Grokster, and eDonkey."). The Court does not believe that potential conspirator liability, based solely on use of a P2P network, stretches so far as to make joinder of all users of a P2P network in one action proper.

At least one court has noted the problem with plaintiff's logic. In *Arista Records, LLC v. Does 1-27*, 2008 U.S. Dist. LEXIS 6241 (D. Me. Jan. 25, 2008), the Magistrate Judge recommended that the District Court deny a motion to dismiss for failure to state a claim in a multi-doe defendant copyright infringement action against university students who used the same P2P network and the university's ISP. The Magistrate Judge, however, expressed strong concern over the joinder of the doe defendants in one action. Specifically the Court noted, "[s]uppose, instead of university students, the record companies chose to target all individuals within the District of Maine who had used these P2P services and had TimeWarner Cable for their ISP. Would all those individuals be properly joined in a single complaint? I think the Plaintiffs know the answer to that question. . . ." *Id*. at *19, n.5. The Court then explained that after securing discovery to identify multiple does through another "mass doe" action filed in that court, the copyright-holder plaintiffs subsequently dismissed the mass action and re-filed three individual actions against three of the identified defendants. The Court noted, "[it is curious that no

---

[3] To establish a rimless wheel conspiracy, the following must shown: "(1) that there is an overall-unlawful plan or 'common design' in existence; (2) that knowledge that others must be involved is inferable to each member because of his knowledge of the unlawful nature of the subject of the conspiracy but knowledge on the part of each member of the exact scope of the operation or the number of people involved is not required, and (3) there must be a showing of each alleged member's participation." *Elder-Beerman Stores Corp. v. Federated Dep't Stores, Inc*., 459 F.2d 138, 146 (6th Cir. 1972).

attempt was made to join these cases as arising from the same transaction or occurrence if my plausible inference is accurate. I think no such attempt was made because it is apparent that the cases would not be properly joined. These plaintiffs have devised a clever scheme to obtain court-authorized discovery prior to the service of complaints, but it troubles me that they do so with impunity and at the expense of the requirements of Rule 11(b)(3) because they have no good faith evidentiary basis to believe the cases should be joined." *Id*. The factual allegations in that case, that each doe defendant used the same file-sharing network and the same ISP, mirror the factual allegations here. *Id*. at *2-3.[4]

Finally, even if the basic requirements for permissive joinder under Rule 20(a)(2) were met, the Court is troubled by plaintiff's motive for seeking joinder of the Doe defendants in one action. *Cf. Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d at 1375 (courts should consider party's motive in determining whether to allow permissive joinder). As plaintiff admits, the "vast majority" of the claims in these mass copyright infringement suits are resolved through settlement once the plaintiff secures the information identifying the Does. Sperlein Decl., ¶ 3. Plaintiff also admits that by filing one case against hundreds of doe defendants, plaintiff is able to make an initial settlement demand that is 40% lower than if plaintiff were required to file separate suits against each doe and incur separate filing fees. *Id*., ¶ 4. Plaintiff's motive for seeking joinder, therefore, is to keep its own litigation costs down in hopes that defendants will accept a low initial settlement demand. However, filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for. *Cf. Arista Records, LLC v. Does 1-27*, 2008 U.S. Dist. LEXIS 6241, * 23 (questioning propriety of plaintiffs' "clever scheme to obtain court-authorized discovery prior to the service of complaints," where underlying claims do not support joinder in one action); *see also BMG Music v. Does 1-203*, 2004 U.S. Dist. LEXIS 8457, *2-3 (*sua sponte* severing doe defendants from copyright infringement case "despite the fact that it would

---

[4] Even if appropriately alleged, plaintiff's conspiracy allegations suffer from admitted inconsistencies. For example, plaintiff admits that at least some non-infringing material is shared through eDonkey2000. *Id.*, ¶ 58 ("The eDonkey2000 Network is used *almost exclusively* to locate, reproduce, and distribute infringing content." (emphasis added)). Therefore, plaintiff's assertion – in support of the argument that agreement to the conspiracy can be inferred for each of the Does – that "at the time each Doe Defendant downloaded eMule or another eDonkey2000 client, he intended to access the eDonkey2000 Network for the purpose of reproducing and exchanging infringing copies of movies in violation of copyright laws," does not withstand scrutiny. Proposed FAC, ¶ 70.

9

reduce costs for Plaintiffs and mitigate the risk of disparate treatment at the hands of the learned Judges of this District (a risk, the Court notes, that is present in every case that involves developing areas of law.").[5]

**CONCLUSION**

For the foregoing reasons, the Court finds that it would be futile to grant plaintiff leave to amend to file the Proposed FAC as it would be dismissed for improper joinder. Plaintiff's motion, therefore, is DENIED. The only defendant presently before the Court is Doe 1 from the initial complaint. Plaintiff is directed to inform the Court within ten days of this Order of the status of Doe defendant 1.[6]

**IT IS SO ORDERED.**

Dated: February 3, 2011

SUSAN ILLSTON
United States District Judge

---

[5] As one Court noted in deciding the joinder issue in a lawsuit brought by recording industry plaintiffs against doe defendants prior to granting plaintiffs discovery, "courts and commentators have noted that a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars [from lost filing fees] and only encourages Plaintiffs and other members of the RIAA to join (or misjoin) as many doe defendants as possible." *Arista Records, LLC v. Doe*, 2008 U.S. Dist. LEXIS 90183, * 17 (N.D. Ohio Nov. 3, 2008).

[6] On January 24, 2011, one of the Doe defendants, acting *pro se*, filed a motion to quash. As the only defendant in this case is Doe 1, the motion to quash [Docket No. 41], is denied as moot.